IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

**ZEMMA ROSSI**
19313 Running Cedar Court
Germantown, MD 20876

      Plaintiff

v.                                                                              **Case Number:**

**CIRCLE TREATMENT CENTER, P.C.**
424 N. Frederick Avenue
8/8A
Gaithersburg, MD 20877

and

**ROSALIND GOLDFARB**
3309 Shirley Lane
Chevy Chase, MD 20815

      Defendants

## COMPLAINT

COMES NOW Zemma Rossi ("Plaintiff"), by and through undersigned counsel, and brings this suit against Circle Treatment Center, P.C. ("Defendant" or "Circle") and Rosalind Goldfarb ("Goldfarb"), collectively referred to as "Defendants," and for grounds states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a natural person who currently resides in Montgomery County Maryland and, at all times relevant to the allegations of this Complaint, has been employed by the Defendants in Montgomery County, Maryland.

2. Circle is a professional corporation which is incorporated in the State of Maryland with its principal place of business in Gaithersburg, Maryland.

3. Goldfarb is a natural person who resides in Montgomery County Maryland and at all times relevant to the allegations of this Complaint has been the owner of Circle.

4. The Plaintiff brings suit against the Defendants for unpaid overtime during the period beginning December 5, 2011 and ending at such time as the Plaintiff begins to receive paid overtime ("claimed period") in violation of the Fair Labor Standards Act ("FLSA"), § 3-401 *et seq.* of the Labor and Employment Article of the Maryland Annotated Code ("MWHL"), and § 3-501 *et seq.* of the Labor and Employment Article of the Maryland Annotated Code ("MWPCL").

5. Pursuant to the preceding, this Court has proper personal jurisdiction over the Defendants, proper subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. 1331, and 28 U.S.C. 1367, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. The Plaintiff commenced employment with the Defendant on July 14, 2005.

7. Throughout her entire tenure of employment, the Plaintiff performed in the capacity as Office Administrator and was responsible for the duties identified in the Administrative Secretary Job Description.

8. Throughout her entire tenure of employment, the Plaintiff reported directly to Goldfarb.

9. Throughout the entire claimed period, the Plaintiff is/was paid at a rate of $42,000.00/year.

10. Throughout the entire claimed period, the Plaintiff is/was not paid for overtime hours worked, ie., hours worked in excess of 40/week.

11. From the week beginning 12/5/11 through the week beginning 11/17/14, the Plaintiff

worked a total of 1,044 hours of overtime.

12. The Defendants had full knowledge of these hours worked by the Plaintiff as, among other things, the Plaintiff submitted time sheets each month to Goldfarb.

13. Throughout the claimed period, the Plaintiff's salary is/was intended to compensate her for 40 hours/week.

14. Throughout the claimed period, the Plaintiff's regular rate of pay for purposes of calculating her overtime is/was $20.19/hour.

15. Throughout the claimed period (through the present date), the Plaintiff earned $31,617.54 in overtime.

16. To date, the Plaintiff has not been paid for any of the overtime identified in the preceding paragraph. In addition, the Plaintiff continues to not be paid for earned overtime.

17. Throughout the claimed period, Goldfarb was responsible for all compensation decisions concerning the Plaintiff. Specifically, Goldfarb determined the amount the Plaintiff was to be paid and whether or not she would be paid overtime.

18. The Defendants' decision to not pay the Plaintiff her earned overtime is/was done wilfully and in direct disregard to the Plaintiff's statutory rights.

19. The Defendants do/did not have any legitimate basis for not paying the Plaintiff overtime pay for hours worked in excess of 40/week.

### Count I: Violation of the FLSA

20. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

21. The Defendants violated (and continue to violate) 29 U.S.C. § 207 by failing to properly pay

the Plaintiff overtime during the claimed period.

22. Throughout the claimed period, the Plaintiff has been in an employer/employee relationship with each of the Defendants and qualifies as an "Employee" pursuant to 29 U.S.C. § 203(e)(1).

23. Throughout the claimed period, each of the Defendants qualifies as an "employer" pursuant to 29 U.S.C. § 203(d).

24. Throughout the claimed period, the Plaintiff engaged in interstate commerce in that she, among other things, engaged in interstate telephone calls, prepared and sent mail to out of state destinations, and processed credit card payments.

WHEREFORE, the Plaintiff demands judgment against the Defendants for unpaid overtime during the claimed period, liquidated damages in an amount equal to the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

### Count II: Violation of the MWHL

25. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

26. Throughout the claimed period, the each of the Defendants qualifies as an "employer" pursuant to 3-401(b) of the Labor and Employment Article of the Maryland Annotated Code.

27. The Defendants violated (and continue to violate) Section 3-420 of the Labor and Employment Article of the Maryland Annotated Code by failing to properly pay the Plaintiff overtime during the claimed period.

WHEREFORE, the Plaintiff demands judgment against the Defendant for unpaid overtime during the claimed period, liquidated damages in an equal amount of the unpaid

overtime beginning July 1, 2014, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

### Count III: Violation of the MWPCL

28. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

29. Throughout the claimed period, Circle qualifies as an "employer" pursuant to 3-501(b) of the Labor and Employment Article of the Maryland Annotated Code.

30. The Defendants violated (and continue to violate) Sections 3-502 and 3-505 of the Labor and Employment Article of the Maryland Annotated Code by failing to properly pay the Plaintiff his earned overtime during the claimed period.

WHEREFORE, the Plaintiff demands judgment against the Defendants for unpaid overtime during the claimed period, liquidated damages in an amount equal to twice the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

Respectfully submitted,

SULLIVAN, TALBOTT & BATT

By: _____
Mitchell I. Batt, Bar No. 12002
Attorney for Plaintiffs
77 S. Washington Street
Suite 304
Rockville, Maryland 20850
(301) 340-2450 x13