IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ZEMMA ROSSI

    Plaintiff,

v.                                Case No.: 14-3803-GJH

CIRCLE TREATMENT CENTER, P.C.,
*et al.*
    Defendants.

## MEMORANDUM OPINION

Plaintiff Zemma Rossi filed this action against her former employers Circle Treatment Center, P.C. and Rosalind Goldfarb, alleging failure to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* ECF No. 1. Before Defendants answered the Complaint, the parties requested, and the Court granted, a stay of the case for the parties to engage in meaningful settlement negotiations. ECF Nos. 6–7.

The parties now jointly move for approval of a settlement agreement and general release. ECF No. 9. The Court has reviewed the Complaint, the parties' Joint Motion for Approval of Agreement and General Release and For Entry of Order Dismissing Case with Prejudice, and the Agreement and General Release. ECF Nos. 1 & 9. For the reasons explained below, the Court finds that a *bona fide* dispute exists regarding liability under the FLSA, the settlement agreement is a fair and reasonable compromise of the dispute, and the attorney's fees are reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Leigh v. Bottling Group, LLC*, DKC-10-0218, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012); *Lopez v.*

*NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## I. FACTUAL BACKGROUND

According to Plaintiff Zemma Rossi's Complaint, she began working for Defendant Circle Treatment Center, P.C. (the "Center") and its owner, Defendant Rosalind Goldfarb, on July 14, 2005. ECF No. 1 at ¶ 6. The Center provides substance abuse and treatment counseling and is located in Gaithersburg, Maryland. *See* ECF No. 9-1 at 1. Plaintiff is employed as the Office Administrator and earns a yearly salary of $42,000. ECF No. 1 at ¶¶ 7, 9. She and Defendant Goldfarb are the only individuals who work at the Center full-time. ECF No. 9-1 at 1.

On December 8, 2014, Plaintiff commenced an action against Defendants, alleging that she was not paid overtime for hours worked in excess of forty hours per week. ECF No. 1 at ¶ 10. Plaintiff alleges that she worked a total of 1,044 hours of overtime between December 5, 2011 and November 17, 2014.[1] *Id.* at ¶ 11. She believes that her hourly rate, for the purpose of calculating overtime, is $20.19 per hour and she is owed $31,617.54 in overtime pay. *Id.* at ¶¶ 14–15.

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at

---

[1] In their motion for approval of the settlement, the parties state that the overtime is 1,042 hours. *See* ECF No. 9-1 at 3.

1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, PWG-13-3496, 2014 WL 2174751 at *2 (D. Md. May 23, 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 2014 WL 2174751 at *2 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (*citing Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B. *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernoff, Inc.*, 1:08cv1310, 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, the parties first dispute whether Plaintiff would be entitled to recover overtime pay because Defendants classified Plaintiff as an exempt employee under the FLSA. *See* ECF No. 9-1 at 2. Specifically, under 29 U.S.C. § 213(a)(1), "an employee employed in a *bona fide* executive, administrative, or professional capacity" may be exempt. 29 U.S.C. § 213(a)(1) (italics added). An employee employed in a *bona fide* administrative capacity is one who is paid a salary that equals not less than $455 per week, who primarily performs office work related to

3

the management or general business operations of the employer, and who primarily has duties that include the exercise of discretion and independent judgment with respect to matters of significance. *See* 29 C.F.R. § 541.200. Plaintiff received a salary and served as the sole support for the Center's owner. *See* ECF No. 9-1 at 5. She performed tasks that were vital to the business but also performed more routine administrative duties typical of a non-exempt employee. *Id.* Thus, the parties agree that the Court may or may not have found that Plaintiff was properly classified as an exempt employee. *Id.* at 6.

The parties also dispute how to calculate Plaintiff's potential recovery. Plaintiff contends that, if she was not exempt, she is entitled to overtime at the rate of $30.29 (one and one-half times her regular rate of $20.19). *See* ECF No. 9-1 at 3. Thus, according to Plaintiff, her maximum potential recovery is $94,686.54 (1,042 hours x $30.29 x 3 (MPWCL potentially allows for treble damages)). *See id.* Defendants argue that, even if Plaintiff were improperly characterized as an exempt employee, she would be compensated for overtime under the fluctuating workweek methodology at a half-time rate of $10.10 per hour. *See id.* To support this position, Defendants rely on *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 354–57 (4th Cir. 2011), which found that 50% of the regular rate was appropriate in calculating unpaid overtime compensation when there was a mistaken exemption classification and the parties had a mutual understanding that the fixed weekly salary was compensation for all hours worked. Under the fluctuating workweek analysis, if Plaintiff was misclassified, her maximum recovery would be $31,572.60. *See* ECF No. 9-1 at 3.

The parties also disagree over whether Defendants acted willfully, which would affect Plaintiff's potential recovery. *See* ECF No. 9-1 at 6. Finally, Defendants contend that Plaintiff may not be entitled to overtime for her work during lunch time hours because her timesheets

indicate that she did not work through lunch. *See id.* Under these circumstances, *bona fide* disputes exist regarding liability under the FLSA.

### C. Fair & Reasonable

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at *10. Here, the parties have not exchanged formal discovery, but have informally exchanged time records and summaries of the evidence and disputes. *See* ECF No. 9-1 at 7. Given the current stage of the litigation, significant expenses would be incurred if the parties engaged in formal discovery, dispositive motions, and possibly trial. *See, e.g., Saman v. LBDP*, DKC-12-1083, 2013 WL 2949047 at *3 (D. Md. June 13, 2013). Additionally, there has been no evidence to suggest any fraud or collusion in the settlement, and counsels' filings demonstrate that this agreement was achieved through arms-length negotiations with competent counsel and the assistance of a mediator. *See* ECF No. 9-1 at 5.

The settlement agreement entitles Plaintiff to $31,491.20. *See* ECF No. 9-2 at 2. This figure represents approximately 34% of Plaintiff's calculation of her potential maximum recovery, which Plaintiff estimates to be $94,686.54. *See* ECF No. 9-1 at 3. While this percentage is low, the agreed amount represents approximately the maximum recovery Plaintiff could obtain if the fluctuating workweek methodology applied, assuming Plaintiff was successful

in obtaining treble damages. Given the number of *bona fide* disputes in this case, the risk to both Plaintiff and Defendants is high. As was the case in *Saman*, "[i]n light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." 2013 WL 2949047 at *5 (citation and internal quotation marks and brackets omitted); *Cf. Duprey*, 2014 WL 2174751 at *4 (". . . Duprey was compensated for almost eighty percent of his back pay when calculated using the fluctuating workweek method . . .").

Although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *See Duprey*, 2014 WL 2174751 at *4. As explained above, the Court finds that $31,491.20 is reasonable for the release executed. *Cf. id.* ("This percentage fairly compensates Duprey for the general release executed.").

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Here, Plaintiff is represented by Mitchell I. Batt, who has been admitted to the Maryland Bar for over twenty years. Plaintiff's counsel spent approximately 17 hours on this case, at the rate of $375.00 an hour, resulting in $6,375.00 in legal fees. *See* ECF No. 9-1 at 9–10. He also incurred costs in the amount of $424.48, for a total of $6,799.48. *See id.* at 10. Defendants have agreed to pay $6,799.48 in attorney's fees in addition to the $31,491.20 paid to Plaintiff. *See* ECF No. 9-2 at 2. Mr. Batt's $375.00 hourly rate is consistent with this Court's rules and guidelines for determining attorney's fees, which notes a guideline range of $300.00–$475.00 per hour for attorneys with twenty or more years of experience. *See* ECF No. 9-1 at 11 & Loc. R. App. B.3. Further, Mr. Batt filed the complaint, discussed the case with his client, analyzed the disputed issues, and negotiated the settlement with Defendants and their counsel. *See* ECF No. 9-1 at 9–10. The time expenditure of 17 hours is reasonable given the work completed. In light of the facts of this case and the disputes explained above, the Court finds the attorney's fees to be fair and reasonable under the lodestar approach.

### III. CONCLUSION

For the reasons stated above, the settlement is a reasonable compromise of disputed issues and the Joint Motion for Approval of Agreement and General Release and For Entry of Order Dismissing Case with Prejudice, ECF No. 9, is GRANTED.

A separate Order shall issue.

Dated: April 17, 2015

GEORGE J. HAZEL
United States District Judge